**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**CHARLES JAMES ATCITTY,**

        **Plaintiff,**

**v.**                               **No. 1:20-cv-515**

**THE UNITED STATES OF AMERICA,**

        **Defendant.**

### COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT FOR DAMAGES CAUSED BY NEGLIGENCE

Comes now the Plaintiff, **CHARLES J. ATCITTY**, by and through counsel, Romero & Winder, P.C. (Joe M. Romero, Jr.), and for his complaint and his causes of action against the Defendant states as follows:

1.     Plaintiff, Charles J. Atcitty, is an enrolled member of the Navajo Nation, a West Point Graduate, a U.S. Army Veteran, and at all times relevant hereto has been a resident of Shiprock, New Mexico in San Juan County.

2.     Defendant, the United States of America, pursuant to the 1868 Treaty with the Navajo Nation and statutes, provides Indian health care to Navajo Nation citizens (tribal members) through the Indian Health Service. Defendant employed Doctors Jose Borrega Acosta, M.D., Jon A. Ossen, DO, Doctor of Osteopathic Medicine, Sandra Merino-Navarro, Noall E. Wolff, Nurses James A. Ewing, Eileen A. Russell, Brian Miller, Sherri Roop, and Casey Patton and said Doctors and Nurses provided negligently failed to diagnose, misdiagnosed, failed to treat, and mistreated Plaintiff with the result of life-threatening infection, spinal damage, heart damage, and other organ damage, pain and suffering, unnecessary surgery, loss of function, disability, permanent physical

damage, loss of consortium, economic damage, among other things. (Collectively referred to as Defendant).

3.      The Acts or omissions complained of occurred at the Kayenta Medical Center, I.H.S. Kayenta Medical Service Unit on the Navajo Nation in Kayenta, Arizona.  Defendant failed to provide adequate medical care to Plaintiff, negligently failed to diagnose, misdiagnosed, failed to treat, failed to provide adequate care, and mistreated Plaintiff's serious medical conditions which proximately caused Plaintiff spinal injury, heart damage, and other internal organ damage.

4.      This suit is brought against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. secs. 1346(b) and 2671 - 2680, and this Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. sec. 1346(b).  Venue in this District is authorized by 28 U.S.C. secs. 1391(e) and 1402(b).

5.      Notice of this claim was filed with and received by the Indian Health Service in Rockville, Maryland on July 5, 2018, and was received by the Department of Health and Human Services, 330 C Street S.W., Switzer Building, Suite 2600, Washington, D.C. 20201.  An amended claim was duly filed in January 2019.

6.      Defendant saw Plaintiff in July, August and September 2016, when he sought medical care and treatment at KHC for severe back pain, blood in his urine, elevated blood sugar and elevated blood pressure.  As set forth in his medical records and expert reports, KHC doctors and personnel failed to properly diagnose and treat his medical condition, which resulted in almost fatal medical damage stemming from an infection that was the underlying cause of the pain in his back.

7.      On or about July 5, 2016, Plaintiff first presented to Kayenta Health Center Emergency Department with back pain, painful urination, and frequent urination.  Defendant failed to diagnose his serious infection and sent him home with a diagnosis of untreated diabetes. Defendant negligently failed to diagnose and treat his serious infection.

8.      On or about, July 11, 2016, Plaintiff returned to Kayenta Health Center Emergency Department with back pain, shoulder pain, increased respiratory rate, high blood pressure, elevated sugar, blood in the urine and anemia among other things.  Plaintiff was seen by Defendant and Defendant found an infection but failed to complete the diagnosis of his serious life-threatening infection and failed to properly treat the infection.

9.      On or about, August 1, 2016, Plaintiff went to Kayenta Health Center Outpatient Clinic with severe lower back pain, flank pain, with very high blood pressure.  Plaintiff was seen by Defendant and the Defendant Employee Doctors found an infection, with rare bacteria, and negligently failed to complete the diagnosis and failed to properly treat his serious life-threatening infection.

10.     On or about, September 6, 2016, Plaintiff again went to Kayenta Health Center Emergency Department complaining of extreme "stabbing" back pain, difficulty urinating, extremely high blood pressure, leg swelling, and Defendant negligently diagnosed chronic heart failure without necessary follow-up, wrongly diagnosed possible metastatic prostate cancer, but failed to diagnose the life threatening infection and failed to properly treat the infection that Plaintiff was suffering.  (These allegations are more fully set forth in the Expert Report of Dr. Miller and Plaintiff's Administrative Claim).

11.     On September 24, 2016, Plaintiff's oldest son, a medic serving in the U.S.

Army, told Plaintiff that he had to go to the Phoenix Indian Medical Center (PIMC).  At that

point, he was unable to walk and could barely move so his adult sons and grandson put him in a

private van and drove me to the Emergency Room at the PIMC.

12.     The PIMC treating doctor examined me informed Plaintiff that he had a serious

infection in his spine, and that they were transferring me to Banner University Medical Center

(BUMC), and that if he was not hospitalized and treated that day, he would die.  He agreed to the

transfer to BUMC, where he was immediately diagnosed, treated, and prepped for surgery.

13.     As a result of the undiagnosed, misdiagnosed and mistreated

infection, Plaintiff underwent (a) open heart surgery and suffered the removal of his native aortic

heart valve, replacement of said heart valve with a composite bovine, artificial heart

valve, (b) permanent heart injury (including diminished function), (c) cardiac

infection, (d) chronic heart failure, (e) temporary and permanent disability, (f) chronic and acute,

severe and significant constant pain, (g) loss of ability to sleep, (h) loss of ability to properly

walk, move, stand, perform daily functions and enjoy normal life activities.  Plaintiff

also suffered a heart attack and died on the operating and had to be revived by extreme medical

measures, including electric shock of the heart.

14.     Plaintiff also suffered permanent injury to his other organs, including the

significant loss of kidney function.

15.     As a result of undiagnosed and misdiagnosed infection and negligent medical

treatment, Plaintiff underwent two spinal surgeries to replace disks that were destroyed

by infection, resulting in his severely diminished ability to move, walk, stand, perform daily

functions, and further resulting in a loss of consortium, loss of society and loss of enjoyment of his marital status with his wife in the last year and a half of her life; resulting in a loss of consortium and loss of society with his youngest son during the last year of his life; and resulting in a loss of consortium and loss of society with his other sons, his daughter, his grandchildren, his mother and sisters; further resulting in extreme acute and chronic, temporary and permanent pain and suffering.

16.     Plaintiff's loss of consortium, loss of society, and loss of marital relations with his wife subjected him to extreme traumatic pain and suffering, which was almost unbearable given that plaintiff and his wife were married all of their adult lives.

17.     As a loving father who led a close family, his loss of consortium and loss of society with his children, grandchildren, mother, and sisters was extremely painful and caused him extreme trauma and suffering.

18.     Plaintiff spent weeks and months in recovery from the spinal and heart surgery in rehabilitation.

19.     Even after these surgeries and painful rehabilitation, medical professionals believed that he would die from these conditions and sent him home for hospice care, apparently understanding that he would not live more than six months.  This occurrence caused Plaintiff severe traumatic pain and suffering.

20.     Today, as a proximate cause of Defendants' negligence, failure to diagnose, misdiagnosis, failure to treat and mistreatment of Plaintiff's medical conditions while under Defendants' medical care, Plaintiff's quality of life is significantly worse and irreparably and permanently damaged.

21.     In addition to the paragraphs above, as a proximate cause of Defendants' failure of the KHC doctors to properly diagnose and treat his illness, below is a summary list of the damages, both economic and noneconomic, Plaintiff sustained and continue to endure economic/financial damages, wage loss, loss of physical ability, damage to spine, heart and internal organs.

22.     More specifically, Plaintiff has suffered:

- Economic/Financial Damages.  He experienced significant financial losses because of the failure of the KHC doctors to properly diagnose and properly treat the lethal spinal infection.  Specifically, he utilized substantial amounts of accrued vacation and sick leave from July 2016 through November 2017, when he sought medical care at KHC, while he was treated at PIMC and hospitalized at BUMC, during his stay at the Montecito Post-Acute Care facility, the time he spent home on hospice care, the months of convalescence that followed, as well as the months he attempted to return to work from April 2017 through September 2017.  Given the severity of Plaintiff's physical impairments that resulted, he was forced to retire at age 60, though he had intended to work until at least age 67 or at age 70.  This occurrence means he lost seven to ten additional years of salary at a top tier level of the GS grade system (with additional GS step salary increases), which also results in a diminished pension, loss of salaried benefits and other accrued employment benefits. He always had earned positive employment reviews, and he would have continued to receive GS step increases and promotions, if he were able to continue working at his job or in a similar position.

23.     Plaintiff has suffered financial damages, in amounts not less than the following, as a direct and proximate cause of Defendant Employee's negligence and failure to provide adequate medical care:

1. *Wage loss.*  $1,400,000.00

2. *Benefits loss.* $1,400,000.00

3. *Diminished Retirement Benefits.*  $1,400,000.00

4. *Additional Medical Care Required*:  $6,808,996.00

5. And, such additional damages to be proved at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays this Court to enter final judgment in favor of Plaintiff and against Defendant in the full amount of $8.427 million or an amount to be proven at trial for all of Plaintiff's damages as well as costs associated with bring this cause of action; for post judgment interest; for attorney's fees; and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

By:_____

Joe M. Romero, Jr.
ROMERO & WINDER, PC
Attorney for Plaintiff
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776
Email: joe@romeroandwinder.com

Shenan R. Atcitty
Atcitty Van Norman LLC
14913 Finegan Farm Dr.
Darnestown, MD  20874

(202) 262-7187
Email: Shenan.Atcitty@atcittyvannorman.com