IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES JAMES ATCITTY,

    Plaintiff,

v.                                        Cause No. 1:20-cv-00515-JB-SMV

THE UNITED STATES OF AMERICA,

    Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held via telephone on May 10, 2021 and was attended by:

Shenan R. Atcitty for Plaintiff
Atcitty Van Norman LLC
14913 Finegan Farm Dr.
Darnestown, MD 20874
(202) 262-7187
shenanatcitty@atcittyvannorman.com

Joseph M. Romero for Plaintiff
P.O. Box 27579
Albuquerque, NM 87125
(505) 433-1642
joe@romerolawnm.com

Kimberly N. Bell for Defendant
Assistant United Sates Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 224-1458
kimberly.bell@usdoj.gov

## NATURE OF THE CASE

This is a lawsuit filed pursuant to the Federal Tort Claims Act. Plaintiff alleges that from July through September of 2016, doctors and other health care providers at the United States Department of Health and Human Services, Indian Health Service ("I.H.S."), Kayenta Health

Center ("KHC") failed to meet the standard of care when they neglected to properly evaluate, examine, diagnose and treat Plaintiff when he sought medical care for severe back pain, blood in his urine, elevated blood sugar and elevated blood pressure.  Plaintiff alleges that these failures resulted in the spreading of a lethal infection emanating in his spine that invaded multiple organs causing multiple injuries and surgeries including but not limited to severe and irreversible damage to Plaintiff's spine, heart and other organs. Plaintiff seeks to recover damages allowed under the law to compensate him for the injuries he has sustained due to the alleged failure by the I.H.S. KHC doctors and other health care providers to properly evaluate, examine, diagnose and treat Plaintiff.

The United States of America denies liability; denies that it caused Plaintiff's damages; and denies that Plaintiff's claimed damages are recoverable.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: At this time, Plaintiff does not intend to join any additional parties. If other liable parties' identities come to light in the discovery phase of this case, Plaintiff may seek leave to amend.

Plaintiffs should be allowed until June 9, 2021, to move to amend the pleadings and until June 9, 2021, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file: The United States of America does not intend to join any additional parties at this time. Should the United States determine that it is appropriate to add one or more additional parties, it may seek leave to amend.

Defendants should be allowed until June 23, 2021, to move to amend the pleadings and until June 23, 2021, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties with sufficient contacts or other circumstances permitting jurisdiction over the parties, and the subject matter over those claims that have been properly exhausted in accordance with the FTCA.

The parties further stipulate and agree that the law governing this case is the Federal Tort Claims Act and Arizona substantive law on medical negligence and damages.

## PLAINTIFFS' CONTENTIONS:

Plaintiff contends that medical care providers at the I.H.S. KHC failed to meet the standard of care when he sought medical help on July 6, 2016, July 11, 2016, August 1, 2016 and September 6, 2016.  These failures include, but are not limited to the following:

   a. Repeated failures to fully investigate Plaintiff's medical complaints;

   b. Repeated failures to adequately document their assessment of Plaintiff's condition;

   c. Repeated failures to complete their evaluations of Plaintiff;

   d. Repeated failures to make accurate diagnoses or assessments of Plaintiff's medical state, and/or misdiagnoses of Plaintiff's medical state;

   e. Repeated failures to provide adequate treatment;

   f. Inappropriate disposition of Plaintiff's condition resulting in exacerbation of Plaintiff's underlying condition;

   g. Multiple delays in arriving at a correct diagnosis, including a misdiagnosis of metastasized prostate cancer; and

   h. Subsequent prolonged delay in treatment resulting in progressive permanent damage to multiple organ systems.

Plaintiff contends that as a result of the aforementioned failures by medical care providers at the KHC, he suffered life threatening disease, injuries, preventable complications, unnecessary

surgical procedures, acute and chronic pain, physical trauma, mental trauma, emotional trauma, and permanent disability.

Plaintiff contends that the negligence of the medical care providers at the KHC resulted in an eighty (80) day delay of the diagnosis of an infection in his spine. This delay allowed the infection to spread and destroy part of Plaintiff's spine, heart and other organs. Plaintiff contends that an appropriate and timely diagnosis of the initial localized infection with an appropriately targeted antibiotic course would have prevented the spread of the infection, the extent of the infection to other body parts, the life-threatening complication of sepsis, the need for multiple surgeries, suffering, and major lasting organ damage.

Plaintiff contends that that as a result of the failures of the medical care providers at the KHC to properly and timely diagnose and treat his medical conditions, Plaintiff has suffered permanent limitation of his overall health, organ function, physical mobility, life fulfillment, resilience, employability and life span.

Finally, Plaintiff contends that Navajo law may supplement or substitute for Arizona law since all alleged negligent acts by I.H.S. KHC doctors and other health care providers occurred within the exterior boundaries of the Navajo Indian Reservation.

**DEFENDANTS' CONTENTIONS**

Defendant United States denies liability and denies the extent of Plaintiff's alleged injuries and causal connection to the care provided by the Kayenta Health Center (KHC). Plaintiff's care was appropriate in light of the facts and circumstances known or reasonably ascertainable to the KHC employed health care providers at the time Plaintiff sought treatment. Defendant denies that it is liable for any acts or omissions by any health care providers who were not employed or deemed employed by KHC during the relevant time period. Further, Plaintiff's

health conditions and outcomes were not the result of any action or failure to act by KHC and/or its health care providers. In addition:

1. The United States acknowledges that James Ewing, RN; Sheri Roop, RN; and Eileen Russell, RN are or were employees entitled to coverage under the FTCA, or were performing job duties for the benefit of KHC and are therefore entitled to coverage under the FTCA. To the extent that Plaintiff seeks to recover against the United States for torts committed by individuals who were not employees of the United States from July 2016 through September 2016, the United States may be immune from suit because the waiver of sovereign immunity under the FTCA only covers torts committed by government employees or deemed employees acting within the scope of their employment.

2. The United States denies that an administrative claim was presented for all of the claims set forth in Plaintiff's complaint. The court lacks subject matter jurisdiction over any claims that were not the subject of an administrative claim timely and properly presented pursuant to 28 U.S.C. § 2675(a), and therefore any claims not fully exhausted must be dismissed.

3. The United States and its agents, employees and representatives exercised due care and diligence at all times and in all matters alleged in the Complaint, and no act or failure to act by the United States or its personnel was the proximate cause of the alleged damages or loss claimed by Plaintiff.

4. The injuries and/or damages alleged in Plaintiff's Complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope of their employment.

5. The injuries and/or damages alleged in the Complaint were proximately caused in whole or in part by the conduct of Plaintiff and/or others who are not employees of the United States.

6. If the United States is liable, which is specifically denied, Plaintiff's recovery must be reduced to the extent the acts and omissions of others were the result of one or more independent, intervening or superseding cause of Plaintiff's injuries.

7. If the United States is liable, which is specifically denied, Plaintiff's recovery must be reduced to the extent Plaintiff has failed to mitigate his damages.

8. If the United States is liable, which is specifically denied, Plaintiff's recovery must be reduced to the extent and proportion Plaintiff, and/or individuals not employed by the United States and acting in the course of their employment, are comparatively liable.

9. If the United States is liable, which is specifically denied, Plaintiff's recovery is limited to any statutory cap or limitation available under Arizona law.

10. Plaintiff's recovery, if any, is limited to the amount of the claim that Plaintiff properly presented administratively. *See* 28 U.S.C. § 2675(b).

11. The fees of Plaintiff's attorney are governed by statute and taken from Plaintiff's settlement or judgment, if any. *See* 28 U.S.C § 2678.

12. The United States is not liable for prejudgment interest or punitive damages. 28 U.S.C. § 2674.

13. Recovery by Plaintiff, if any, is subject to the availability of appropriated funds. See 42 U.S.C. § 233(k)(2).

**PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Plaintiff's Witnesses**

1. Plaintiff Charles James Atcitty
   c/o Joseph M. Romero Law
   P.O. Box 27579
   Albuquerque, NM 87125
   (505) 433-1642

   Plaintiff will testify to the incidents and allegations in his Complaint, his damages and may provide other relevant and admissible testimony in this matter.

2. James R. Atcitty
   6810A Colt St.
   Fort Polk, LA 714459

   James R. Atcitty is Plaintiff's son and will testify to incidents and allegations in Plaintiff's Complaint, Plaintiff's damages and may provide other relevant and admissible testimony in this matter.

3. Jonathan B. Atcitty
   2417 East Boston
   Mesa, AZ 85213

   Jonathan R. Atcitty is Plaintiff's son and will testify to incidents and allegations in Plaintiff's Complaint, Plaintiff's damages and may provide other relevant and admissible testimony in this matter.

4. Danielle M. Atcitty
   2417 East Boston
   Mesa, AZ 85213

Danielle M. Atcitty is Plaintiff's daughter and will testify to incidents and allegations in Plaintiff's Complaint, Plaintiff's damages and may provide other relevant and admissible testimony in this matter.

5. Durell John
   2417 East Boston
   Mesa, AZ 85213

   Durell John is Plaintiff's son-in-law and will testify to incidents and allegations in Plaintiff's Complaint, Plaintiff's damages and may provide other relevant and admissible testimony in this matter.

6. Josiah Atcitty
   2417 East Boston
   Mesa, AZ 85213

   Josiah Atcitty is Plaintiff's grandson and will testify to incidents and allegations in Plaintiff's Complaint, Plaintiff's damages and may provide other relevant and admissible testimony in this matter.

7. Renee J. Atcitty
   400 Shonto Drive
   Window Rock, AZ 86515

   Renee Atcitty is Plaintiff's sister and will testify to incidents and allegations in Plaintiff's Complaint, Plaintiff's damages and may provide other relevant and admissible testimony in this matter.

8. Nicole R. Atcitty
   P.O. Box 1860
   Crownpoint, NM 87313

   Nicole Atcitty is Plaintiff's sister and will testify to incidents and allegations in Plaintiff's Complaint, Plaintiff's damages and may provide other relevant and admissible testimony in this matter.

9. Jose M. Borrego Acosta, MD
   Indian Health Service - Kayenta Health Center
   P.O. Box 368
   Kayenta, AZ 86033

   Dr. Borrego Acosta is a putative Defendant in this case as the subject Complaint alleges that his negligence caused the conditions and damages referenced in Plaintiff's Complaint.

10. Jon A. Ossen, DO
    Indian Health Service - Kayenta Health Center
    P.O. Box 368
    Kayenta, AZ 86033

    Dr. Ossen is a putative Defendant in this case as the subject Complaint alleges that his negligence caused the conditions and damages referenced in Plaintiff's Complaint.

11. Sandra Merino-Navarro, MD
    Indian Health Service - Kayenta Health Center
    P.O. Box 368
    Kayenta, AZ 86033

    Dr. Merino-Navarro is a putative Defendant in this case as the subject Complaint alleges that her negligence caused the conditions and damages referenced in Plaintiff's Complaint.

12. Noall E. Wolff, MD
    Indian Health Service - Kayenta Health Center
    P.O. Box 368
    Kayenta, AZ 86033

    Dr. Wolff is a putative Defendant in this case as the subject Complaint alleges that his negligence caused the conditions and damages referenced in Plaintiff's Complaint.

13. James A. Ewing, RN
    Indian Health Service - Kayenta Health Center
    P.O. Box 368
    Kayenta, AZ 86033

    Mr. Ewing, during the time relevant to the allegations in this complaint and in his capacity as a registered nurse, interacted with the doctors at I.H.S. KHC in the examination and treatment of Plaintiff.

14. Eileen A. Russell, RN
    Indian Health Service - Kayenta Health Center
    P.O. Box 368
    Kayenta, AZ 86033

    Ms. Russell, during the time relevant to the allegations in this complaint and in her capacity as a registered nurse, interacted with the doctors at I.H.S. KHC in the examination and treatment of Plaintiff.

15. Brian Miller, RN
    Indian Health Service - Kayenta Health Center
    P.O. Box 368
    Kayenta, AZ 86033

Mr. Miller, during the time relevant to the allegations in this complaint and in his capacity as a registered nurse, interacted with the doctors at I.H.S. KHC in the examination and treatment of Plaintiff.

16. Sherri L. Roop, RN
    Indian Health Service - Kayenta Health Center
    P.O. Box 368
    Kayenta, AZ 86033

    Ms. Loop, during the time relevant to the allegations in this complaint and in her capacity as a registered nurse, interacted with the doctors I.H.S. KHC in the examination and treatment of Plaintiff.

17. Casey J. Patton
    Indian Health Service - Kayenta Health Center
    P.O. Box 368
    Kayenta, AZ 86033

    Mr. Patton, during the time relevant to the allegations in this complaint and in his capacity as a medical professional, interacted with the doctors at I.H.S. KHC in the examination and treatment of Plaintiff.

18. Maria Gonzalez, MD
    Indian Health Service - Phoenix Indian Medical Center
    4212 N 16th Street
    Phoenix, AZ 85016

    Dr. Gonzalez examined, evaluated and treated Plaintiff at the I.H.S. Phoenix Indian Medical Center. Dr. Gonzalez advised Plaintiff that if he did not agree to be immediately and urgently transferred for admission to and treatment at Banner University Medical Center, Plaintiff would die from the infection in his spine.

19. Wesley Smith, MD
    Indian Health Service - Phoenix Indian Medical Center
    4212 N 16th Street
    Phoenix, AZ 85016

    Dr. Smith examined, evaluated and treated Plaintiff at the I.H.S. Phoenix Indian Medical Center.

20. All Medical Care Providers who treated Plaintiff at Banner University Medical Center.
    Banner – University Medical Center Phoenix
    1111 E McDowell Road
    Phoenix, AZ 85006

    Plaintiff's medical records will identify all of his treating providers at Banner University Medical Center and the bases for each of their examination, evaluation and/ or treatment of Plaintiff.

21. All Medical Care Providers who treated Plaintiff at Companion Hospice and Palliative Care of Maricopa.
    Companion Hospice and Palliative Care of Maricopa
    1930 S. Alma School Road, Suite A-103
    Mesa, AZ 85210

    Plaintiff's medical records will identify all of his treating providers at Companion Hospice and Palliative Care of Maricopa and the bases for each of their examination, evaluation and/ or treatment of Plaintiff.

22. All Medical Care Providers who treated Plaintiff at Montecito Post Acute Care.
    Montecito Post Acute Care
    51 South 48th Street
    Mesa, AZ 85206

    Plaintiff's medical records will identify all of his treating providers at Montecito Post Acute Care and the bases for each of their examination, evaluation and/ or treatment of Plaintiff.

23. All Medical Care Providers who treated Plaintiff at VHS Outpatient Clinics.
    VHS Outpatient Clinics
    4444 N 32nd Street, Suite 175
    Phoenix, AZ 85018

    Plaintiff's medical records will identify all of his treating providers at VHS Outpatient Clinics and the bases for each of their examination, evaluation and/ or treatment of Plaintiff.

24. Any individuals identified by Defendants in this case.

25. Any other persons identified in Plaintiff's Complaint, any pleadings in prior litigation, and reports pertaining to the incident.

26. All necessary treatment providers and records custodians.

27. Witnesses necessary for impeachment, foundation or rebuttal.

28. Any witnesses identified in discovery.

29. Any expert witness identified by any party.

**Plaintiff's Exhibits**

1. Medical treatment records from Kayenta Health Center.

2. Medical treatment records from Phoenix Indian Medical Center.

3. Medical treatment records from Banner University Medical Center.

4. Medical treatment records from Companion Hospice and Palliative Care of Maricopa.

5. Medical treatment records from Montecito Post Acute Care Facility.

6. Medical treatment records from VHS Outpatient Clinics.

7. All of the documents or other types of exhibits described in Plaintiff's Complaint (to the extent not already listed).

8. Any document or other type of exhibit identified by any other party.

9. Any report, treatise, record, letter, email, and/or other type of document relied upon, consulted, reviewed or prepared in connection with any expert retained by any party, whether the expert is called to testify or not.

10. Photos of Plaintiff.

11. Photos of any Defendant or defense witness or defense expert.

12. Photos depicting a day in the life of the Plaintiff.

13. Other admissible evidence identified through discovery.

14. Any and all documents listed by any other party in this matter.

15. Copies of depositions of parties or witnesses.

16. Copies of any and all pleadings regarding any Defendant or other documents filed with the Court.

17. Any and all exhibits attached to any deposition in this matter.

18. Any and all exhibits disclosed, offered, or identified at any time and in any fashion by any other party.

19. Plaintiff reserves the right to supplement this exhibit list as additional exhibits are identified through discovery.

**Plaintiff's Experts**

    Plaintiff intends to call the following expert witnesses in this case:

1. Heidi B. Miller, MD
   Family Health Care Centers
   4352 Manchester Avenue
   St. Louis, MO 63110

   Dr. Miller will testify as an expert and state her opinion that Plaintiff's injuries and damages were the result of failures by doctors and other medical care providers at the Kayenta Health Center to provide medical care to Plaintiff in accord with the requisite standards of care. Dr. Miller will further state her opinions regarding the prognoses for the injuries suffered by Plaintiff and Plaintiff's future care requirements.

2. G. Edward Mallory, D.O.
   Box 320208
   Cocoa Beach, FL 32932
   Phone: 813-997-1241
   edwardmallorydo@gmail.com

   Dr. Mallory will testify as an expert and state his opinion that Plaintiff's injuries and damages were the result of failures by doctors and other medical care providers at the Kayenta Health Center to provide medical care to Plaintiff in accord with the requisite standards of care.

3. Kirsten Turkington, DNP, APRN, FNP-C
   Nurse Life Care Planner
   North Scottsdale Health, PLLC

   Ms. Turkington, a certified life care planner, will testify and state her expert opinion as to the costs associated with the necessary medical care and rehabilitation services needed by Plaintiff as he attempts to live as normal a life as possible.

4. Sean McCabe, CPA
   McCabe CPA Group LLC
   4801 Lang Avenue NE, Suite 110
   Albuquerque, NM 87109

   Mr. McCabe, a certified public accountant, will testify and state his expert opinions as to his evaluation of the damages and economic losses sustained by Plaintiff as a result of Defendant's negligence.

5.  Natalya Abdrasilova, CPA/ABV, MAFF, CVA
    WIPFLI LLP
    First Interstate Bank Plaza
    101 East Front Street, Suite 301
    Missoula, MT 59802
    406.532.4255 – office
    Nabdrasilova@wipfli.com

    Ms. Abdrasilova, a certified public accountant, will testify and state her expert opinions as to the present value of lost compensation & benefits, and present value of Life Care Plan Case Report for Plaintiff.  Her opinions were formed based upon information obtained and documents reviewed as of the date of her report and reserved the right to modify the opinions and conclusions expressed in her report based upon further investigation conducted after the date of this report.  And, she may prepare additional exhibits to be used as a summary of or in support of her opinions.

**Defendants' Witnesses**

1.  Plaintiff Charles James Atcitty
    c/o Joseph M. Romero Law
    P.O. Box 27579
    Albuquerque, NM 87125
    (505) 433-1642

    Plaintiff may testify about the incidents and allegations in his Complaint and his claimed damages.

2.  Jose M. Borrego, MD
    c/o VISTA Staffing Solutions, Inc.
    2800 East Cottonwood Pkwy., Suite 400
    Cottonwood Heights, UT 84121

    Dr. Borrego may testify about the care and treatment that Plaintiff received at KHC.

3.  Jon A. Ossen, DO
    c/o VISTA Staffing Solutions, Inc.
    2800 East Cottonwood Pkwy., Suite 400
    Cottonwood Heights, UT 84121

    Dr. Ossen may testify about the care and treatment that Plaintiff received at KHC.

4.  Noall Wolff, MD DO
    c/o VISTA Staffing Solutions, Inc.
    2800 East Cottonwood Pkwy., Suite 400
    Cottonwood Heights, UT 84121

    Dr. Wolff may testify about the care and treatment that Plaintiff received at KHC.

5. Sandra Merino Navarro, MD
   c/o AB Staffing Solutions, LLC
   3451 Mercy Road, Suite 102
   Gilbert, AZ 85297

   Dr. Merino Navarro may testify about the care and treatment that Plaintiff received at KHC.

6. James Ewing, RN; Sheri Roop, RN; and/or Eileen Russell, RN
   c/o Kayenta Health Center
   Contact through counsel for the United States

   These witnesses may testify about the care and treatment that Plaintiff received at KHC.

7. Brian Miller, RN and Casey Patton, RN
   c/o Robison Medical Resource Group
   2748 Metairie Lawn Drive
   Metairie, LA 70002

8. Maria Gonzalez, MD
   c/o Phoenix Indian Medical Center
   4212 N 16th Street
   Phoenix, AZ 85016

   Dr. Gonzalez may testify about the care and treatment that Plaintiff received and Phoenix Indian Medical Center.

9. Wesley Smith, MD
   c/o - Phoenix Indian Medical Center
   4212 N 16th Street
   Phoenix, AZ 85016

   Dr. Smith may testify about the care and treatment that Plaintiff received and Phoenix Indian Medical Center.

10. Any of the following providers from Banner University Medical Center
    1111 E McDowell Road
    Phoenix, AZ 85006

    - Dr. Vincent Honan
    - Dr. Peter Maki
    - Dr. Peter Sunenshine
    - Dr. Justin Seroy
    - Dr. Mark Tasset
    - Dr. Jose Mendez
    - Dr. Raed Fares

- Dr. Randy Cooper

11. Any witnesses identified by Plaintiffs and/or identified through discovery by any party.

12. Any witness who may be needed for authentication and/or rebuttal.

13. Any witness or expert witness listed or called by any party.

14. Any and all other witnesses not known at this time who may have relevant information regarding the claims or defenses set forth in the pleadings and any subsequent amendments to the pleadings which may become necessary.

**Defendants' Exhibits**

    a. Medical records and medical bills from Kayenta Health Center;

    b. Medical records and medical bills from Phoenix Indian Medical Center;

    c. Medical records and medical bills from Banner University Hospital and/or Banner Health System;

    d. Any medical records and/or medical bills from any provider or entity that bear upon the issues presented in Plaintiff's Complaint;

    e. Any and all journals, treatises, articles, or authoritative resources that may be referenced or relied upon by any treating physician or expert witness;

    f. Any and all other material that any expert witness may rely upon in support of their opinion(s) in this matter;

    g. Any documents, items, or exhibits, regardless of form or format, that may be identified by either/any party during discovery;

    h. Any and exhibits listed by Plaintiff or any other party;

    i. Any rebuttal exhibit identified by Defendant during the course of discovery and/or trial.

**Defendants' Experts**

The United States has not yet identified experts but reserves the right to do so within the deadlines set by the Court. Defendant United States gives notice that any health care provider who provided care to Plaintiff may be asked to testify about the care provided, as well as Plaintiff's diagnosis and prognosis as these issues relate to the claims in Plaintiff's Complaint

## **DISCOVERY PLAN**

Discovery will be needed on the following subjects: Liability and damages.

Maximum of 25 interrogatories by any party to any other party, inclusive of all subparts. (Responses due 30 days after service).

Maximum of 25 Requests for production by any party to any other party, inclusive of all subparts. (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition (other than of parties and experts) limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff(s) by August 24, 2021

    from Defendant(s) by September 23, 2021

Supplementation under Rule 26(e) due 14 days after new information is obtained or received.

All discovery commenced in time to be complete by November 22, 2021.

Other Items: N.A.

**PRETRIAL MOTIONS**

Plaintiffs intend to file: Motions in Limine; Motion for Summary Judgment; Motions related to discovery as necessary; any other motions necessary to litigate this matter that are permitted under the Rules of Civil Procedure.

Defendants intend to file: Defendant may file motions for summary judgment, motions to dismiss, *Daubert* motions, motions *in limine*, and other motions as needed.

**ESTIMATED TRIAL TIME**

The parties estimate trial will require  5   days.

 X   This is a non-jury case.

____ This is a jury case.

The parties request a pretrial conference within 45 days of trial.

**SETTLEMENT**

The possibility of settlement in this case cannot be evaluated prior to commission of discovery. The parties request a settlement conference at the close of discovery.

**EXCEPTIONS**

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS

/s/ Joseph M. Romero
Joseph M. Romero
P.O. Box 27579
Albuquerque, NM 87125
(505) 242-0707 voice
joe@romerolawnm.com

and

Shenan R. Atcitty for Plaintiff
Atcitty Van Norman LLC
14913 Finegan Farm Dr.
Darnestown, MD 20874
(202) 262-7187
shenanatcitty@atcittyvannorman.com
*Attorneys for Plaintiff*


*/s/ Kimberly Bell*
Kimberly N. Bell for Defendant
Assistant United Sates Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 224-1458
kimberly.bell@usdoj.gov
*Attorneys for Defendants*