**PREPARATION FOR CIVIL TRIAL**
**BEFORE THE HONORABLE DAVID H. URIAS**

A.   **AUDIO-VISUAL EQUIPMENT**

Parties should notify the Court at least **two (2) weeks** before trial if they require audio-visual or other special equipment. Parties are responsible for operating any of this equipment.

B.   **EXHIBITS**

1.   **EXCHANGE AND FORMAT OF EXHIBIT LISTS:** Counsel shall file with the Court and provide to opposing counsel, a proposed exhibit list in accordance with the deadline established in the Trial Notice. When filing their final exhibit lists with the Court prior to trial, the parties shall use the format included at the end of this document.

2.   **REQUIRED FORMAT FOR EXHIBIT LISTS:**  Exhibits shall be marked and identified clearly for each party. Use of exhibit notebooks (Plaintiff's and Defendant's) are encouraged for those exhibits to which neither party has objections.  Exhibits shall be marked and identified (Plaintiff's by numbers and Defendant's by letters, e.g., A, B, C, . . . AA, AB, AC).

3.   **OBJECTIONS TO EXHIBITS:** Objections to exhibits must be filed **one (1) week** after the exhibit is filed. Counsel for each party shall file with the Court a complete list of all objections to the exhibits offered, specifying the Rule of Evidence or other legal authority upon which an objection is based.

4.   **REQUIRED FORMAT FOR SUBMISSION OF ELECTRONIC EXHIBITS**: In addition to the requirements set out in #1 pertaining to exhibits, exhibits also need to be submitted in **electronic format one (1) week** before trial.  Refer to attached JERS Informational letter, along with Attorney Guide to JERS for instructions on how to submit electronically formatted trial exhibits to the Court.

5.   **EXHIBIT BINDERS DELIVERED TO COURT:** A binder containing a hard copy of all documentary or photographic trial exhibits that complies with the following requirements must be delivered to chambers **one (1) week** before trial. There must be a numbered index to each set of exhibits which lists and identifies each exhibit in the same manner as the exhibit list filed with the Court, and unless otherwise directed by specific order of the Court, physical evidence or original material requiring maintenance of a chain of custody shall not be submitted to the Court with the exhibit binders before trial.

**C.    WITNESSES, EXPERTS:**

1.    **WITNESSES:** A complete list of witnesses in the order to be called must be filed with the Court in accordance with the Trial Notice.  Counsel must also provide a list to opposing counsel.

2.    **EXPERTS:**  All expert reports must have been exchanged in advance in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure. As in other areas, cumulative expert testimony will not be permitted.

3.    *DAUBERT* **MOTIONS:** Challenges pursuant to *Daubert* shall be made in accordance with the deadline established by the Magistrate Judge in the Scheduling Order. If the Scheduling Order does not establish a *Daubert* motion deadline, then *Daubert* motions shall be fully briefed no later than the date designated as the dispositive motion deadline.

4.    **OBJECTIONS TO WITNESSES: two (2) weeks** before trial, counsel for each party shall file with the Court a complete list of all objections to the witnesses offered, specifying the Rule of Evidence or other legal authority upon which an objection is based.

**D.    DEPOSITIONS:**

1.    Objections to use of deposition testimony are due within **two (2) weeks** of service of the witness list. The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least **one (1) week** before trial.

2.    If a deposition is used in part, counsel shall mark the parts to be used for opposing counsel.  The court copy shall be marked. Plaintiff will use *yellow* marker and Defendant *blue* marker. This does not apply to cross-examination or rebuttal.

**E.    BENCH/NON-JURY TRIALS**

1.    **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** shall be due **ten (10) days** after trial with references to exhibits and proposed testimony. Each party shall also email the proposed findings and conclusions of law in Word format to uriasproposedtext@nmd.uscourts.gov.

**F.    JURY TRIALS**

1.    **JURY INSTRUCTIONS:**

a.    Parties shall meet and confer in advance of the deadline to agree on as many instructions as possible and then submit Joint Proposed Jury Instructions.  The Court expects that disputed instructions will be minimal, as parties are expected to agree

on stock instructions and should avoid submitting to the Court separate requests for the same stock instructions.  Parties shall be prepared to submit a legal basis for their objections to each instruction on which they do not agree.

       b.      Proposed instructions shall be **numbered** and **annotated**. Submit no more than ONE INSTRUCTION PER PAGE.

       c.      Submission of proposed instructions to the Court is a **two-step process**:

       (1)      **E-File** the proposed jury instructions with citations with the Court electronically, in accordance with D.N.M. LR-Civ. 5.1 and in accordance with the the Trial Notice. Any objections to proposed jury instructions are due at the same time.

       (2)      **E-mail:** In addition to electronically filing their submissions regarding jury instructions, Plaintiff and Defendant shall submit to the Court through the email address (uriasproposedtext@nmd.uscourts.gov) on the chambers webpage for proposed orders, the following, in Word format:

       (A) the requested jury instructions;
       (B) proposed special verdict forms; and
       (C) the parties' Joint Statement of the Case.

       **NOTE:  JOINT STATEMENT OF THE CASE** shall be submitted at the same time the jury instructions are submitted but should be filed separately. If the parties cannot agree on a Joint Statement of the Case, the parties should submit separate proposed Statements.

       d.      Parties shall also file **written objections** to opposing parties' submitted instructions. These objections are due **three (3) working days** after jury instructions are filed.

2.      **MOTIONS IN LIMINE** shall be filed in accordance with the deadline established on the accompanying Trial Notice. Each issue to be considered requires a separate pleading. No consolidated or omnibus motions will be considered. Responses are due in accordance with the Trial Notice.

## WITNESS/EXHIBIT LIST

| | CV- |
|---|---|
| Plaintiff's Attorney: | Defendant's Attorney: | United States District Court<br>District of New Mexico |
| | | Trial Date(s): |
| Presiding Judge: | Court Reporter: | Courtroom Deputy: |

| Pltf No. | Deft No. | Witness | Date Off. | Obj. | Adm. | Description of Exhibits* |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**INFORMATIONAL LETTER**

Dear Counsel:

The United States District Court for the District of New Mexico has installed new equipment into some courtrooms for use during trials in which jurors may view evidence electronically during deliberation. The newly installed equipment is known as JERS (Jury Evidence Recording System). The Western District of North Carolina created JERS for the purpose of electronically capturing evidence during a trial and then allowing a jury to view the evidence on a monitor in the Jury Deliberation Room. The District of New Mexico has been working to customize and test the equipment for the benefit of our court and our jurors. We would like to use JERS during the upcoming trial in your case.

The use of JERs will not affect how you present your case. You will proceed in normal course by presenting the exhibits/evidence either in paper form or from your laptop. All that the Court requires is the submission of the exhibits/evidence on an electronic storage device (CD, DVD or USB drive) TEN (10) calendar days before trial. The evidence is then imported into JERS and stored until the conclusion of the trial, when evidence is submitted to the jurors for deliberation.

It is important to note that, similar to non-electronic evidence, only electronic evidence that is admitted and allowed by the Court will be viewable by jurors during deliberation. Included with this letter is a copy of the Attorney Guide to JERS, where instructions are provided as to the formatting and naming of files. When creating the Indexed File Method, it is important that you follow the exact method as provided in the Attorney Guide – for instance, no spaces, and bars must be placed as shown.

It is the goal of the Court to provide attorneys with useful and effective equipment. It is the assistance from attorneys, such as you, that helps us achieve these goals.